DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant, Laura Eschen, appeals from the granting of summary judgment to Defendant-Appellees, Edward Suico, M.D., Anesthesia Associates of Northern Ohio, Inc., (collectively "Dr. Suico"), and Community Health Partners ("CHP"), by the Lorain County Court of Common Pleas. This Court affirms in part and reverses in part.
 I {¶ 2} On February 2, 2005, Eschen filed a claim in the Lorain County Court of Common Pleas alleging medical malpractice against Dr. Suico and CHP. Specifically, Eschen alleged that on August 3, 2003, following a biopsy procedure, she suffered a number of adverse side-effects from being administered an anti-nausea medication prescribed by Dr. Suico. This medication was other than the specific type of medication authorized by her medical chart. She requested that this restriction be placed on her chart due to her history of allergic reactions to anti-nausea medications. *Page 2 
 {¶ 3} On December 27, 2005, Eschen's case was voluntarily dismissed without prejudice after her failure to file the expert report needed to support her claim.
 {¶ 4} On December 19, 2006, Eschen refiled her case together with a motion for a 60 day extension of time to file the affidavit of merit required by Civ. R. 10(D)(2). The motion was granted. On February 20, 2007, Eschen filed a motion for a further extension of time until March 22, 2007. The trial court granted the motion, but indicated that no further extensions would be granted. On March 22, 2007, Eschen filed a motion for yet another extension of time. No ruling on this motion appears in the record. On April 2, 2007, Eschen filed the affidavit of Dr. Dennis C. Wildermuth as her affidavit of merit.
 {¶ 5} At a pre-trial hearing on June 19, 2007, the court established a September 7, 2007 deadline for the filing of Eschen's expert report. On September 10, 2007, Eschen filed a motion for a three-week enlargement of time to file her expert report. The court denied this motion.
 {¶ 6} On September 13, 2007, Dr. Suico filed a motion for summary judgment, alleging that Eschen failed to provide the expert testimony critical to establishing a prima facie claim. On October 2, 2007, CHP filed a similar motion for summary judgment. On October 16, 2007, Eschen filed her response to the summary judgment motions. Her response consisted solely of the resubmission of Dr. Wildermuth's affidavit of merit, which Eschen now referred to as her "expert report." On October 26, 2007, Dr. Suico filed a motion to strike the affidavit. On November 21, 2007, the court granted the motion to strike as well as both motions for summary judgment.
 {¶ 7} Eschen appeals the trial court's judgment, raising three assignments of error for our review. We combine the first two assignments of error for analysis purposes. *Page 3 
 II Assignment of Error Number One "THE TRIAL COURT ERRED IN STRIKING A PROPERLY FRAMED AND TIMELY AFFIDAVIT FROM A MEDICAL EXPERT ESTABLISHING ALL ELEMENTS OF APPELLANT'S MEDICAL MALPRACTICE CLAIM."
 Assignment of Error Number Two "THE TRIAL COURT ERRED IN STRIKING THE SAME PROPERLY FRAMED AND TIMELY AFFIDAVIT ON THE GROUNDS THAT THE SAME AFFIDAVIT WAS USED TO SATISFY OHIO R. CIV. PROC. 10(D)(2)."
 {¶ 8} In her first assignment of error, Eschen contends that the trial court erred in striking Dr. Wildermuth's affidavit as her "expert report" in that it contained all elements necessary to establish her medical malpractice claim. In her second assignment of error, Eschen contends that the trial court erred in striking Dr. Wildermuth's affidavit on the grounds that the same affidavit was used to satisfy the affidavit of merit requirements of Civ. R. 10(D)(2). We disagree.
 {¶ 9} This Court has indicated the following:
 "A trial court's decision to grant a motion to strike will not be overturned on appeal absent an abuse of discretion. * * * [T]he trial court retains the discretion to admit or exclude evidence. As such, an appellate court will not disturb such a decision regarding the admission or exclusion of evidence absent an abuse of discretion that has materially prejudiced the appellant." (Internal quotations and citations omitted.) Nationwide Life Ins. Co. v. Kallberg, 9th Dist. No. 06CA008968, 2007-Ohio-2041, at ¶ 20.
 {¶ 10} Further, an abuse of discretion connotes more than an error of judgment, and instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id. *Page 4 
 {¶ 11} With respect to her first assignment of error, Eschen initially filed Dr. Wildermuth's affidavit of merit with the trial court on April 2, 2007. After having been granted two extensions of time, the filing was still beyond the March 22, 2007 deadline established by the court. On September 10, 2007, Eschen filed a motion for a three-week enlargement of time to file an expert report after having missed the September 7, 2007 filing deadline. Her motion was denied on October 1, 2007. In response to Dr. Suico's and CHP's motions for summary judgment, Eschen refiled Dr. Wildermuth's affidavit of merit as her sole evidence in opposition to the motions. In her October 16, 2007 filing, Eschen referred to the affidavit of merit as the "expert report" of Dr. Wildermuth. In its order granting summary judgment, the trial court struck the affidavit from the record, noting that it had denied Eschen's request for an extension of time to file the expert report. "Trial judges are entitled to exercise considerable discretion in the management of the cases on their dockets[.]" MBNA Am. Bank, N.A. v.Bailey, 9th Dist. No. 22912, 2006-Ohio-1550, at ¶ 10, quoting In reDisqualification of Sutula, 105 Ohio St.3d 1237, 2004-Ohio-7351, at ¶ 4. We cannot say that the trial court abused its discretion in striking Eschen's affidavit from the record as an untimely filed "expert report," especially after Eschen filed the initial affidavit of merit beyond the twice-extended deadline established by the court.
 {¶ 12} With respect to her second assignment of error, we note that contrary to Eschen's assertion, the trial court did not invoke Civ. R. 10(D)(2) in granting the motion to strike. The trial court's rationale in granting the motion was based solely on the affidavit filed on October 16, 2007 being beyond its September 7, 2007 deadline coupled with Eschen's repeated delays and failure to comply with deadlines established by the court. We find that the court did not abuse its discretion in granting the motion to strike on this basis. Because the court did not invoke Civ. R. 10(D)(2) in its decision, we decline to consider that issue here. *Page 5 
 {¶ 13} Eschen's purported expert report was not timely filed and her initial affidavit of merit was also filed out of time, after having been granted two extensions. Therefore, we cannot conclude that the trial court abused its discretion in striking the October 16, 2007 affidavit from the record. Accordingly, Eschen's first and second assignments of error are overruled.
 Assignment of Error Number Three "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO EACH OF THE APPELLEES WHERE THEY FAILED TO PRESENT ANY EVIDENCE IN SUPPORT OF THEIR RESPECTIVE MOTIONS FOR SUMMARY JUDGMENT? (sic)"
 {¶ 14} In her third assignment of error, Eschen contends that the trial court erred in granting summary judgment to Dr. Suico and CHP when they failed to present evidence to support their summary judgment motions. We agree.
 {¶ 15} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12. Pursuant to Civ. R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 16} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the *Page 6 
record of the type listed in Civ. R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 17} Pursuant to Civ. R. 56(C), only certain evidence and stipulations, as set forth in that section, may be considered by the court when rendering summary judgment. Specifically, the court is only to consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact[.]" Civ. R. 56(C).
 {¶ 18} The trial court determined that, given its ruling with respect to the motion to strike, Eschen provided no expert testimony to establish even a prima facie case of medical malpractice. "Proof of malpractice, in effect, requires two evidentiary steps: evidence as to the recognized standard of the medical community in the particular kind of case, and a showing that the physician in question negligently departed from this standard in his treatment of plaintiff." Davis v.Virginian Ry. Co. (1960), 361 U.S. 354, 357. "Failure to establish the recognized standards of the medical community has been fatal to the presentation of a prima facie case of malpractice by the plaintiffs."Bruni v. Tatsumi (1976), 46 Ohio St.2d 127, 131. "Proof of the recognized standards must necessarily be provided through expert testimony. This expert must be qualified to express an opinion concerning the specific standard of care that prevails in the medical community in which the alleged malpractice took place, according to the body of law that has developed in this area of evidence." Id. at 131-32. "`Before the plaintiff can recover, she must show by affirmative evidence-first, that defendant was unskillful or negligent; and, second, that his want of skill or care caused injury to the plaintiff. If either element is lacking in *Page 7 
her proof, she has presented no case for the consideration of the jury.'" Id. at 130, quoting Ewing v. Goode (C.C.S.D.Ohio, 1897), 78 F. 442, 443-44. We agree with the trial court that Eschen has failed to provide an expert report to establish her prima facie claim of malpractice.
 {¶ 19} Nonetheless, we agree with Eschen that neither Dr. Suico nor CHP provided any evidence in support of their motions for summary judgment. Both Dr. Suico and CHP argued that Eschen failed to file an expert report required to establish her malpractice case. Neither movant, however, pointed to evidentiary materials of the type listed in Civ. R. 56(C) that the trial court must consider in rendering summary judgment.[1] Therefore, neither Dr. Suico nor CHP met the initialDresher burden pursuant to Civ. R. 56.
 {¶ 20} The Ohio Supreme Court has indicated that, absent any expert testimony to the contrary, an affidavit from a defendant doctor is sufficient to establish conformance with the appropriate standard of care. Hoffman v. Davidson (1987), 31 Ohio St.3d 60, 62. Further, proof of the appropriate standard of care typically must be established by expert testimony. See Bruni, supra. Thus, Dr. Suico and CHP could have satisfied the initial Dresher burden by including such affidavits in their respective motions for summary judgment and pointing to the affidavits as portions of the record that support their claim. SeeKamenar v. Radiology Associates of Barberton, Inc. (Apr. 23, 1997), 9th Dist. No. 17957 (reversing the trial court's grant of summary judgment where movants failed to point to Civ. R. 56(C) evidentiary materials in their motion, but affirming summary judgment where the defendant doctor filed an affidavit with his motion indicating that he had met the "appropriate standard of medical care" and then pointed to *Page 8 
his own affidavit as the requisite Civ. R. 56(C) evidentiary material.)
 {¶ 21} Because both Dr. Suico and CHP failed to specifically point to Civ. R. 56(C) evidentiary materials to affirmatively demonstrate that Eschen has no evidence to support her claims, they failed to meet the initial Dresher burden. As such, even though Eschen failed to produce an expert report, the burden did not shift to her to demonstrate that a material issue of fact remained in dispute. As neither movant met the initial burden under Civ. R. 56, their motions for summary judgment should not have been granted by the trial court. Accordingly, Eschen's third assignment of error is sustained.
 III {¶ 22} Eschen's first and second assignments of error are overruled. Eschen's third assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is *Page 9 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. Costs taxed equally to all parties.
MOORE, P. J., DICKINSON, J., CONCUR.
[1] While Dr. Suico and CHP asserted in oral argument that they pointed to Civ. R. 56(C) evidentiary materials in their pleadings, such materials are not mentioned in their motions for summary judgment; nor can we find such materials in the record. *Page 1