DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jeffrey White, appeals the judgment of the Summit County Court of Common Pleas, which granted summary judgment in favor of Appellees, Cuyahoga Falls General Hospital, Summa Health System, Summa Health Network, LLC, and Summa Health System Hospitals (collectively "CFGH"). This Court affirms, in part, and reverses, in part.
 I. {¶ 2} White is a quadriplegic, paralyzed from the neck down, as a result of an automobile accident in 1992. On June 19, 2006, he was at CFGH with his caregiver, Melinda Dailey, where he was to undergo a series of x-rays. As White was in a wheelchair, he had to be lifted from the wheelchair to the x-ray table. Using a Hoyer lift, Dailey and two radiology technicians lifted White from his wheelchair and placed him on the x-ray table. After the x-rays were taken, Dailey and one of the technicians reattached the chains necessary to lift White from the table and move him back to his wheelchair. White was lifted from the table. As he was *Page 3 
being moved towards his wheelchair, White slid out of the lift pad, fell to the floor and suffered serious injuries. He filed an initial complaint, which is not in the record.
 {¶ 3} On June 19, 2007, White refiled a personal injury/negligence complaint against CFGH. He alleged that CFGH, through its radiology technicians, was negligent in its positioning and securing White in the lift and in its operation and/or maintenance of the lift. White appended an affidavit of merit to his complaint as required by Civ. R. 10(D)(2) for medical liability claims. On July 19, 2007, CFGH answered, asserting general denials to the allegations in the complaint, as well as various affirmative defenses.
 {¶ 4} After a pretrial on October 1, 2007, the trial court established a case management schedule, ordering, in part, that White must identify all experts on or before February 4, 2008. On February 11, 2008, White filed his expert witness list, naming 16 proposed experts by name and 5 others merely as entity "personnel." He did not indicate for what purpose any expert would be called to testify. White certified that he mailed a copy of his expert witness list to CFGH on February 4, 2008.
 {¶ 5} On March 21, 2008, CFGH filed a motion for summary judgment, arguing that White failed to identify any negligent actions by the technicians and failed to establish a prima facie case of medical negligence because he failed to present any expert testimony to establish a causal link between the alleged negligent act and the injuries he sustained. CFGH appended to its motion for summary judgment, among other things, White's responses to CFGH's first set of interrogatories, White's deposition, and excerpts from Melinda Dailey's deposition. On April 4, 2008, White filed a memorandum in opposition to the motion for summary judgment. He appended only a copy of the affidavit of merit he originally filed with his complaint. Although he cited to the deposition testimony of himself, Dailey, "Hoerig," and "Meiss," he did not file *Page 3 
any deposition transcripts in the trial court. His full deposition is part of the record by virtue of CFGH's filing of that transcript, but CFGH filed only a small excerpt of Dailey's deposition. There are no transcripts, or notices of filing, of the depositions of "Hoerig" or "Meiss" in the record to substantiate White's arguments. CFGH filed a reply, and White filed a response to the reply. CFGH moved to strike White's response as it was filed without leave of court as required by Loc. R. 7.14, and because White appended additional evidentiary materials, specifically his medical records. White opposed the motion to strike.
 {¶ 6} On May 28, 2008, the trial court issued a judgment entry, granting CFGH's motion for summary judgment. White timely appeals, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN GRANTING CFGH'S MOTION FOR SUMMARY JUDGMENT[.]"
 {¶ 7} White argues that the trial court erred by granting summary judgment in favor of CFGH.
 {¶ 8} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12.
 {¶ 9} Pursuant to Civ. R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing *Page 4 
such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 10} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ. R. 56(C), Civ. R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,449.
 {¶ 11} To prevail on a claim of negligence, White must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of duty. Menifee v. Ohio Welding Prod,Inc. (1984), 15 Ohio St.3d 75, 77. In regard to medical malpractice, this Court has stated:
 "`Proof of malpractice, in effect, requires two evidentiary steps: evidence as to the recognized standard of the medical community in the particular kind of case, and a showing that the physician in question negligently departed from this standard in his treatment of plaintiff Davis v. Virginian Ry. Co. (1960), 361 U.S. 354, 357. `Failure to establish the recognized standards of the medical community has been fatal to the presentation of a prima facie case of malpractice by the plaintiffs.' Bruni v. Tatsumi (1976), 46 Ohio St.2d 127, 131. `Proof of the recognized standards must necessarily be provided through expert testimony. This expert must be qualified to express an opinion concerning the specific standard of care that prevails in the medical community in which the alleged malpractice took place, according to the body of law that has developed in this area of evidence.' Id. at 131-32. `Before the plaintiff can recover, she must show by affirmative evidence — first, that defendant was unskillful or negligent; and, second, that his want of skill or care caused injury to the plaintiff. If either *Page 5 
element is lacking in her proof, she has presented no case for the consideration of the jury.' Id. at 130, quoting Ewing v. Goode
(C.C.S.D.Ohio, 1897), 78 F. 442, 443-44." Eschen v. Suico, 9th Dist. No. 07CA009304, 2008-Ohio-4294, at ¶ 18.
 {¶ 12} In his complaint, White alleged that CFGH "negligently failed to adequately and properly position and secure Plaintiff in the lift/swing devise (sic) before and during the time Defendants were lifting and moving Plaintiff off the x-ray table." He further alleged that "Defendants negligently operated and/or maintained the lift/swing devise." (sic) White attached an affidavit of merit as required in medical liability claims pursuant to Civ. R. 10(D)(2). However, the allegations in the complaint make clear that, while White purports to allege negligence by CFGH on the theory of medical malpractice, in effect, his claim is premised on the theory of respondeat superior. White alleged that "Defendants, by and through their employees and agents, used a lift/swing devise (sic) owned by and in the possession and control of Defendants, to lift Plaintiff out of his wheelchair and placed him on an x-ray table in the hospital's radiology department." White further alleged that "Defendants breached and failed to exercise the appropriate and required standard of care and were otherwise negligent in their care of Plaintiff." Nowhere in the complaint does White allege that CFGH's care fell outside the prevailing standard of care within the medical community to the requisite degree of medical certainty. See Grimm v. Summit Cty. Children Servs. Bd, 9th Dist. No. 22702, 2006-Ohio-2411, at ¶ 11. "The medical standard *** applies only in cases asserting medical malpractice where the quality of medical care is at issue." Id. at ¶ 12. Because White has not alleged such claims in this case, his "claim is grounded in ordinary negligence." Id.
 {¶ 13} CFGH attacked White's claim from the perspective of both medical malpractice and ordinary negligence. Inasmuch as White's complaint appears to allege both medical *Page 6 
malpractice and ordinary negligence, this Court will consider White's assignment of error within the context of both, as well.
 {¶ 14} In its motion for summary judgment, CFGH argued both that White was not critical of the x-ray technicians assisting him when he fell, thereby defeating any claim of ordinary negligence, and that White failed to present any expert testimony to establish a prima facie case of medical malpractice. This Court addresses the claim of ordinary negligence first.
 {¶ 15} CFGH presented the deposition testimony of White, who testified that his caregiver, Melinda Dailey, adjusted the chains on the Hoyer lift used to transfer him from his wheelchair to the x-ray table. White testified that Dailey and one of the technicians readjusted the chains to transfer him back to his chair. White further testified as follows:
 "Q. To your knowledge did that — and you've been transported and transferred by Hoyer lifts thousands of times perhaps?
 "A. Uh-huh.
 "Q. Yes?
 "A. Yes.
 "Q. Was there anything unusual up to the point until you slid that you noticed? Was there something out of the ordinary?
 "A. No.
 "Q. So as you sit here today you're not — you can't identify anything that either the radiology techs did inappropriately, correct?
 "A. Correct. I slid out."
White also testified that the Hoyer lift at CFGH was similar to the one he uses at home. He further testified that there were no concerns regarding the weight limit on CFGH's Hoyer lift. White earlier testified that he is six feet one inch tall and that he weighs between 230 and 240 pounds. *Page 7 
 {¶ 16} CFGH presented the deposition testimony of Melinda Dailey. She testified that she had formal training regarding the use of Hoyer lifts in 1991 or 1992, and that she used one with some regularity up to the time of White's accident on June 19, 2006. Dailey testified that she has used a Hoyer lift hundreds of times. She further testified regarding the accident as follows:
 "Q. As you were standing there did you think that any of the other two radiology techs, that the other two radiology techs were doing anything improper?
 "A. No, not really.
 "Q. Do you know why — did you come up with any idea as to why Mr. White slid out of the lift?
 "A. No."
 {¶ 17} White failed to present any evidence of the type listed in Civ. R. 56(C) in his opposition to the motion for summary judgment. However, White has no obligation to do so, if the moving party has not met its initial burden under Dresher, supra. In this case, White alleged negligence due to the technicians' actions in positioning and securing him, and in their operation and/or maintenance of the lift. CFGH presented evidence to demonstrate that White admitted that he could not identify any inappropriate behavior by either technician. Dailey, experienced in the use of such lifts, also testified that neither technician did anything improper. However, CFGH failed to present any evidence regarding the alleged negligent maintenance of its Hoyer lift. It presented no evidence as to the working status of the lift or how the lift might have been periodically evaluated by maintenance personnel. Accordingly, on the claim alleging ordinary negligence, CFGH failed to demonstrate that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.Dresher, 75 Ohio St.3d at 293. White's assignment of error as it relates to the granting of summary judgment on the claim of ordinary negligence is sustained. *Page 8 
 {¶ 18} In regard to the medical malpractice claim purportedly alleged, the trial court properly granted summary judgment in favor of CFGH.
 {¶ 19} We reiterate that, to prevail on a claim of medical malpractice, White must establish through expert testimony the recognized prevailing standard of care in the relevant medical community and how the defendant departed from that standard in his treatment of the plaintiff. Eschen at ¶ 18. CFGH met its initial Dresher burden by demonstrating White's failure to provide such expert testimony. White responded in his opposition brief that the affidavit of merit, executed by Jamie L. Dye, a registered nurse trained in the use of lift devices, constitutes the requisite expert testimony.
 {¶ 20} Civ. R. 10(D)(2)(a) provides:
 "Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim *** shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence. Affidavits of merit shall include all of the following:
 "(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
 "(ii) A statement that the affiant is familiar with the applicable standard of care;
 "(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff."
 {¶ 21} White's proffered affidavit of merit complies with the requirements of Civ. R. 10(D)(2)(a)(i)-(iii). The affidavit of merit, however, is not adequate to allow White to meet his reciprocal burden under Tompkins, supra. This Court recently held:
 "These affidavits were required filings under Civ. R. 10(D)(2) in order to establish the adequacy of the complaint. However, as Civ. R. 10(D)(2)(d) explains, the affidavit of merit `shall not otherwise be admissible as evidence[.]' As these affidavits do not `set forth such facts as would be admissible in evidence,' the trial court correctly declined to consider them when granting [the] summary judgment *Page 9 
motion. Civ. R. 56(E)." Braden v. Sinar, 9th Dist. No. 24056, 2008-Ohio-4330, at ¶ 20.
 {¶ 22} The affidavit of merit merely establishes the adequacy of the complaint. It does not constitute evidence in support of a plaintiffs claim, nor would the assertions therein ever be adequate to prove the merits of a medical liability claim. An affidavit of merit need not set out the recognized prevailing standard of care in the relevant medical community, how the defendant failed to meet the standard of care, or how that breach caused the plaintiffs injury. Accordingly, an affidavit of merit which includes only the bare assertions required by Civ. R. 10(D)(2)(a) can never constitute evidence of the type enunciated in Civ. R. 56(C) to support or oppose a motion for summary judgment.
 {¶ 23} That is not to say that an affidavit of merit which includes statements beyond those required by Civ. R. 10(D)(2)(a) can never properly be used to support or oppose a motion for summary judgment. This Court takes well White's argument that an affidavit is proper summary judgment evidence pursuant to Civ. R. 56(C). However, an affidavit of merit in which the affiant avers only those assertions delineated in Civ. R. 10(D)(2)(a) is expressly excluded, by the rule, from consideration as evidence in support of the plaintiffs medical liability claim.
 {¶ 24} White further argues that the trial court erred by finding that he was required to present expert testimony in support of his medical malpractice claim because whether the technicians breached the required standard of care falls within the realm of common knowledge or understanding, i.e., "not beyond the comprehension of a jury." White failed to raise this issue below and has, therefore, forfeited the issue on appeal. Walker v. Summa Health Sys., 9th Dist. No. 23727,2008-Ohio-1465, at ¶ 107.
 {¶ 25} For the reasons stated above, White failed to meet his reciprocal burden to show that genuine triable issues exist in regard to his purported claim of medical malpractice. *Page 10 
Accordingly, the trial court properly granted summary judgment in favor of CFGH on the medical malpractice claim; and White's assignment of error, in this regard, is overruled.
 III. {¶ 26} White's assignment of error as it relates to the claim of ordinary negligence is sustained. His assignment of error as it relates to the claim of medical malpractice is overruled. The judgment of the Summit County Court of Common Pleas is affirmed, in part, and reversed, in part, and the cause remanded for further proceedings consistent with this opinion.
Judgment affirmed, in part, reversed, in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed equally to all parties. *Page 11 
MOORE, J. CONCURS.