[Cite as *Bunn v. Hlubek*, 2025-Ohio-4563.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| HENRY R. BUNN III, | : | APPEAL NO. C-240680 |
| | | TRIAL NO. A-2402543 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| DR. RANDALL HLUBEK, | : | |
| Defendant-Appellee. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 10/1/2025 per order of the court.**

**By:**_____
      **Administrative Judge**

[Cite as *Bunn v. Hlubek*, 2025-Ohio-4563.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| HENRY R. BUNN III, | : | APPEAL NO. C-240680 |
| | | TRIAL NO. A-2402543 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| DR. RANDALL HLUBEK, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 1, 2025

*Henry R. Bunn III*, pro se,

*Calderhead, Lockemeyer & Peschke Law Office*, *David C. Calderhead* and *Andrew B. Crane*, for Defendant-Appellee.

**ZAYAS, Presiding Judge.**

{¶1}    Plaintiff-appellant Henry Bunn appeals from the judgment of the Hamilton County Court of Common Pleas dismissing his medical-malpractice complaint for failure to file an affidavit of merit under Civ.R. 10(D)(2).  In a single assignment of error, Bunn argues that the trial court should have allowed his malpractice claim to proceed under the common-knowledge exception, thereby obviating the need to file an affidavit of merit.  For the reasons that follow, we affirm the judgment of the trial court.

## *I.  Background*

{¶2}    On June 10, 2024, Bunn initiated a pro-se-medical-malpractice action against defendant-appellee Dr. Randall Hlubek, arising from a spine surgery performed on June 19, 2020.  The complaint, in summary, alleged that the surgery was improper and provided no relief from his back pain.  The complaint, inclusive of the attached exhibits, can—generously—be read as making additional allegations of failure to cure and/or diagnose in postsurgery follow-up treatment.  The complaint included a number of attachments, including medical records and imaging, but did not include an affidavit of merit.  Instead, the complaint stated, "At this time, I would like to ask for more time to get the affidavit of merit because I'm having a hard time trying to find a doctor to tell me the truth about my health issues and I must save money the best way I can because Dr. Hlubek took away my ability to make extra money."

{¶3}    In response, Dr. Hlubek filed a motion to dismiss the complaint for (1) failure to file an affidavit of merit under Civ.R. 10(D)(2), and (2) failure to state a claim where the allegations did not provide notice of the "particularized allegations of medical negligence."  Of note, the motion claimed that Bunn's complaint was a "refiled

Complaint originally captioned *Henry R. Bunn v. Mayfield Brain and Spine Clinic*, which was filed in Hamilton County Common Pleas Court on October 3, 2023, case number A2304232." The motion further claimed that the initial action was voluntarily dismissed by Bunn when he was "[f]aced with a motion to dismiss for failing to file the required affidavit of merit among other matters."

{¶4} The trial court set a hearing on the motion to dismiss under Civ.R. 10(D)(2). In the interim, Bunn filed a "Motion for Common Knowledge of Layperson," and several filings of "evidence." In the motion, Bunn asked the trial court to consider common knowledge of laypersons because "all the evidence [he has] presented [the court] . . . shows that doctor Hlubek did not act professionally when treating [him] and committed malpractice and the evidence comes from a doctor who can write the affidavit of merit." In other words, he asked the trial court to "let [his] case proceed under common knowledge of laypersons, because everything [he] submitted is beyond reasonable doubt that Dr. Hlubek committed malpractice."

{¶5} Arguing in opposition to the motion, Dr. Hlubek asserted that the common-knowledge exception only applies to claims of simple negligence and claimed that this matter was "far outside the common knowledge of a layperson."

{¶6} At the hearing, the trial court started by explaining to Bunn that, as a pro se party, he was held to the same standard as lawyers, and the court could not assist him or provide him with legal advice. In response, Bunn asked if he could have time to get a lawyer, and the court said it would take the request under consideration. Then, Dr. Hlubek argued that the complaint was inadequate for the failure to include an affidavit of merit. In response, Bunn said, "In order for me to get an Affidavit of merit, it kind of requires for me to have a lawyer." After some further back and forth, the trial court said that it would take the motion to dismiss under advisement and have

a status conference in 60 days, at which time Bunn needed to either have an attorney or an affidavit of merit. Otherwise, the trial court said it would rule on the motion to dismiss. Afterward, Bunn attempted to explain to the court the evidence he had in support of his claim. However, the court explained that medical-malpractice claims have heightened pleading requirements and require an expert, as the matter is beyond what a jury can decide based on their own knowledge.

{¶7} The following day, the trial court entered an order holding the motion to dismiss in abeyance until October 15, 2024. On October 16, 2024, the trial court entered an order granting the motion to dismiss on the grounds that Bunn failed to file an affidavit of merit as required under Civ.R. 10(D)(2). The entry indicates that Bunn told the court during a status conference on October 15 that he did not have an attorney. Further, the court noted that Bunn failed to file the required affidavit of merit. Bunn timely appealed from the trial court's entry, and the appeal is now before this court.[1]

## II. Dismissal of the Complaint under Civ.R. 10(D)(2)

{¶8} In a single assignment of error, Bunn asserts, "The trial court should not have dismissed my claim against Dr. Hlubek with [sic] seeing any evidence and assuming I don't have the knowledge to present my case without an attorney." In essence, Bunn argues that the trial court should have allowed his claim to proceed under the common-knowledge exception, thereby obviating the need to file an

---

[1] We note that Dr. Hlubek argues that, pursuant to *Fletcher v. Univ. Hosps. of Cleveland*, 2008-Ohio-5379, the dismissal of Bunn's complaint was without prejudice and thus the entry appealed from is not a final, appealable order. However, because the issue ultimately before this court is whether the common-knowledge exception obviated the need to file an affidavit of merit, the complaint cannot be pled in any other way in this regard. *See generally Parker v. Ford Motor Co.*, 2019-Ohio-882, ¶ 7 (1st Dist.), citing *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 2013-Ohio-4147, ¶ 11 (1st Dist.). In other words, the dismissal of Bunn's common-knowledge malpractice claim was with prejudice. Therefore, *Fletcher* is not applicable here.

affidavit of merit. We construe this argument to assert that the trial court should not have dismissed his claim for failure to state a malpractice claim that meets the common-knowledge exception.

### A. Standard of Review

**{¶9}** This court reviews the dismissal of a complaint for failure to state a claim de novo. *Green v. Peters*, 2024-Ohio-6040, ¶ 6 (1st Dist.), citing *Zalvin v. Ayers*, 2020-Ohio-4021, ¶ 13 (1st Dist.). "'When considering a Civ.R. 12(B)(6) dismissal, the court must presume that all factual allegations in the complaint are true, and it must make all reasonable inferences in favor of the nonmoving party.'" *Id.*, quoting *Zalvin* at ¶ 13. "'It must then appear beyond doubt that the nonmoving party can prove no set of facts entitling it to the relief requested in the complaint.'" *Id.*, citing *Zalvin* at ¶ 13.

### B. Law and Analysis

**{¶10}** "Generally speaking, the elements of a medical malpractice claim mirror a cause of action for simple negligence, including proof of (1) a duty requiring the physician to conform to the requisite standard of care, (2) a breach of that duty, (3) a causal connection between the breach and the injury, and (4) damages." *Gray v. Cincinnati Children's Hosp. Med. Ctr.*, 2024-Ohio-3168, ¶ 15 (1st Dist.), citing *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 2015-Ohio-229, ¶ 48-49 (O'Donnell, J., concurring in judgment only), and *Bruni v. Tatsumi*, 46 Ohio St.2d 127, 129-130 (1976).

**{¶11}** "In order to support a claim for medical negligence, a complainant must submit evidence establishing the requisite standard of care, show that the physician negligently diverged from that standard, and demonstrate an injury proximately resulting from the physician's actions." *Id.* at ¶ 16, citing *White v. Summa Health Sys.*,

2008-Ohio-6790, ¶ 11 (9th Dist.). "This foundation must be laid out by way of expert testimony." *Id.*, citing *Bruni* at 131-132, and *White v. Leimbach*, 2011-Ohio-6238, ¶ 34. Thus, generally, "Ohio law requires that medical malpractice claims be supported by qualified expert testimony." *Id.* at ¶ 29.

{¶12} However, the common-knowledge exception "dispenses with the need for expert testimony to substantiate a medical malpractice claim." *Id.* at ¶ 37, citing *Ramage v. Cent. Ohio Emergency Servs. Inc.*, 64 Ohio St.3d 97, 103 (1992). "Under the common-knowledge exception, 'matters of common knowledge and experience, subjects which are within the ordinary, common and general knowledge and experience of mankind, need not be established by expert opinion testimony.'" *Id.*, quoting *Ramage* at 103.

{¶13} Notably, matters concerning the professional skill and judgment of a physician are not matters within the common knowledge and experiences of laypersons. *Gray*, 2024-Ohio-3168, at ¶ 41 (1st Dist.).

{¶14} In *Johnson v. Erbeck*, 2023-Ohio-3402 (12th Dist.), a claimant alleged in the complaint that a dentist failed to provide the requested dental treatment and such failure resulted in delay and the need to undergo additional, more extensive dental treatment than would have otherwise been needed. *Id.* at ¶ 2. The claimant did not attach an affidavit of merit to her complaint. *Id.* The dentist moved to dismiss the complaint under Civ.R. 12(B)(6), based on the failure to file an affidavit of merit. *Id.* at ¶ 3. The trial court dismissed the complaint without prejudice, and the appeal from the dismissal order was dismissed for a lack of a final, appealable order. *Id.* at ¶ 4-5. The claimant refiled her claim and, after a period when the claimant was attempting to get an affidavit of merit, the claimant advised the court that she would not be filing an affidavit of merit and requested that the court issue a final judgment that may be

appealed. *Id.* at ¶ 6-13. The trial court accordingly dismissed the claim with prejudice, pursuant to a motion to dismiss that was previously filed by the dentist. *Id.* at ¶ 13. On appeal, after finding that the claim was a dental malpractice claim, the court of appeals addressed the claimant's assertion that her claims fell within the ambit of the common-knowledge exception, thereby obviating the need for an affidavit of merit. *Id.* at 24.

{¶15} The court described the exception as applying under circumstances where, in actuality, the claim is a claim of "simple negligence given that [the claim] does not require the plaintiff to establish the appropriate standard of care and the proximate cause of his or her injury by expert testimony." *Id.* at ¶ 27, citing *Franks v. Ohio Dept. of Rehab. and Corr.*, 2013-Ohio-1519, ¶ 8 (10th Dist.). On the other hand, """where the inquiry pertains to a highly technical question of science or art or to a particular professional or mechanical skill,""" the claim is beyond the common knowledge and understanding of a jury and expert testimony is necessary. *Id.*, quoting *Rose v. Tievsky*, 2021-Ohio-3051, ¶ 46 (2d Dist.), quoting *Jones v. Hawkes Hosp. of Mt. Carmel*, 175 Ohio St. 503 (1964), paragraph one of the syllabus. For example, matters of radiology involve "'professional skill and highly technical scientific questions'" and are thus "'not within the common knowledge of jurors.'" *Id.* at ¶ 28, quoting *Rose* at ¶ 44, 47.

{¶16} Looking to the claim before it, the court held that the trial court did not err in failing to apply the common-knowledge exception to the dental malpractice claim as the question of whether the dentist's refusal to provide care fell below the standard of care and whether such a refusal was the proximate cause of the claimant's purported injuries were matters that required the testimony of dental experts on the standard of care and skill expected of a dentist. *Id.* at ¶ 29-30. Therefore, the court

affirmed the trial court's dismissal of the claims with prejudice. *Id*. at ¶ 31-32.

{¶17} Here, ultimately, the complaint, inclusive of the attached exhibits, can be—generously—read as asserting the following malpractice allegations against Dr. Hlubek: (1) performing an improper surgery and/or misrepresenting the surgery performed on June 19, 2020, (2) moving forward with surgery on L5-S1 without addressing anterolisthesis in L4-L5, which was indicated in October 2019 imaging (exhibit A), since surgery on L5-S1 "was going to have some type of effect" on his L4-L5, (3) failing to inform him in July 2020 that imaging indicated he had mild scoliosis of the dorsal spine, (4) failing to inform him in August 2020 that imaging indicated a "10-degree midthoracic dextroscoliosis," (5) failing to independently review his December 2020 imaging, rather than relying on the radiologist's interpretation, (6) failing to inform him in January 2021 that imaging indicated lordosis, retrolisthesis, and problems with his L5-S1 (the area where he had surgery), (7) misrepresenting condition in imaging report in May 2022, and failing to review May 2022 MRI, and (8) failing to do "another test" when June 2022 imaging results were conflicting as to whether he had peripheral neuropathy, rather than telling him they could no longer help him since he had a nerve problem.

{¶18} All these matters are highly technical and concern professional skill and judgment of a physician beyond the common knowledge of a jury. Therefore, expert testimony would be required on the standard of care and skill expected of a doctor in these situations. Consequently, we hold that the trial court did not err by not applying the common-knowledge exception to Bunn's claims.

### III. *Conclusion*

{¶19} For the foregoing reasons, we overrule the assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**CROUSE** and **NESTOR, JJ.,** concur.