[Cite as *May v. Donich Neurosurgery & Spine, L.L.C.*, 2019-Ohio-4246.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

RANDY MAY, et al.

    Appellants

    v.

DONICH NEUROSURGERY AND SPINE, L.L.C., et al.

    Appellees

C.A. No.    29215

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2018-02-0863

DECISION AND JOURNAL ENTRY

Dated: October 16, 2019

SCHAFER, Judge.

{¶1} Plaintiffs-Appellants, Randy May and John May (collectively the "Mays"), appeal the September 28, 2018 order of the Summit County Court of Common Pleas granting Defendants-Appellees, Dane J. Donich, M.D. and Donich Neurosurgery and Spine, LLC (collectively "Donich")'s, motion to strike affidavit and dismiss complaint. For the reasons that follow, this Court affirms.

I.

{¶2} The Mays originally filed a complaint for medical malpractice and loss of consortium in August of 2015, alleging that Dr. Donich deviated from accepted standards of care while performing surgery on Randy May. The Mays filed the affidavit of merit of Robert M. Levy, M.D. in that original action. Litigation commenced and Dr. Levy was deposed in March of 2017. The Mays voluntarily dismissed the original complaint pursuant to Civ.R 41(A).

{¶3} On February 23, 2018, the Mays refiled their complaint under the savings statute, commencing the present action. The Mays attached to their complaint the same affidavit of merit of Dr. Levy they filed in their original action. Donich filed a motion to declare the affidavit of merit defective for failing to satisfy the requirements of Civ.R. 10(D)(2). In the motion, Donich argued that they possessed a "good-faith basis to suspect" that Dr. Levy was not qualified to be an expert pursuant to Evid.R. 601(D), and also asserting that Dr. Levy "clearly did not review all of the available medical records concerning allegations in [the c]omplaint" as he was required to do prior to submitting the affidavit of merit. Donich moved the court to declare that affidavit of merit deficient and to order the Mays to produce a sufficient affidavit of merit within a reasonable period of time not to exceed sixty days. In support of the motion, Donich submitted an affidavit of their attorney and a portion of the transcript of Dr. Levy's March 28, 2017 deposition.

{¶4} The Mays requested an extension of time to file a brief in opposition to Donich's motion to declare the affidavit of merit defective. However, on March 29, 2018, the trial court denied the requested leave and issued an order stating:

> After review of the [a]ffidavit of [m]erit, this [c]ourt finds it is defective under Civ.R. 10. [The Mays] are required to submit a sufficient [a]ffidavit of [m]erit within 60 days of the date of this order.

In response to the trial court's order, the Mays filed a second affidavit of merit of Dr. Levy dated May 29, 2018.

{¶5} On June 20, 2018, Donich filed a motion to strike the second affidavit of merit of Dr. Levy, and a motion to dismiss the complaint. In the motion to strike, Donich challenged the veracity of two attestations in the affidavit of merit: (1) that Dr. Levy was licensed to practice medicine by the Florida Board of Medicine, and (2) that Dr. Levy devoted at least one-half of his

professional time to the active clinical practice of medicine in his field of licensure or to instruction in an accredited school. Donich, through counsel, averred that a background investigation revealed that Dr. Levy was not licensed to practice medicine when the affidavit of merit was signed and notarized because his license status was "delinquent" and had been inactive since January 31, 2018. Additionally, Donich asserted that Dr. Levy's deposition testimony confirmed that he was not engaged in the active clinical practice of medicine, nor was he teaching medicine at an accredited institution. On these bases, Donich argued that Dr. Levy did not qualify as an expert under Evid.R. 601(D), therefore his affidavit could not satisfy Civ.R. 10(D) and must be stricken. In the motion to dismiss, Donich argued that, upon striking the affidavit of merit, the complaint must be dismissed pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.

{¶6} The trial court held a status conference on July 2, 2018, to discuss Donich's pending motions. Following the status conference, the trial court issued a journal entry indicating that the Mays had requested leave to cure their affidavit of merit and granting leave through July 23, 2018, to file an affidavit of merit. The Mays filed a "Combined Notice of Submission of 'Affidavit of Merit' in the Form of the Deposition of Robert M. Levy, M.D. and Brief in Opposition to Defendants' Motion to Strike Affidavit of Robert M. Levy, M.D. and Motion to Dismiss Plaintiffs' Complaint" on July 23, 2018. The Mays purported to "notice" the trial court regarding the filing of Dr. Levy's deposition—taken in the prior action—as a substitute for an affidavit of merit, but they never sought leave for the submission. Nonetheless, the trial court afforded Donich an opportunity to file a brief in opposition to the notice of submission. Donich opposed what was described in the brief as the Mays' "unprecedented

attempt to submit a deposition in lieu of an [a]ffidavit of [m]erit" as insufficient to satisfy Civ.R. 10(D) requirements.

{¶7} After the issues were fully briefed, the trial court held an oral hearing on September 7, 2018. Donich reiterated the argument that the second affidavit of merit must be stricken and further argued that the Mays' attempt to file Dr. Levy's deposition transcript did not satisfy Civ.R. 10(D). The Mays conceded that Dr. Levy was not licensed to practice medicine when he signed the affidavit of merit but argued that Dr. Levy was unaware that his medical license had been suspended and that he was in the process of renewing it. The Mays, therefore, asked the trial court to accept Dr. Levy's deposition of March 2017 to serve as a substitute for an affidavit of merit.

{¶8} The trial court issued an order on September 28, 2018, granting the motion to strike and the motion to dismiss. In the order, the trial court found that second affidavit of merit[1] was insufficient because Dr. Levy was not licensed to practice medicine when he signed the affidavit, and ordered that the second affidavit of merit be stricken from the record. Further, the trial court found no authority or basis for accepting Dr. Levy's deposition transcript as an affidavit of merit, and declined the Mays' request to consider the deposition as an adequate substitute under Civ.R. 10(D). Consequently, the trial court found the Civ.R. 12(B)(6) motion well taken and granted the motion to dismiss the complaint.

{¶9} The Mays appeal the trial court's order dismissing their complaint and raise five assignments for our review. For ease of analysis, we consolidate certain assignments of error.

---

[1] What the trial court identifies as the "Third Affidavit" in its journal entry, this Court refers to as the "second affidavit of merit."

II.

## Assignment of Error I

**The trial court erred by improperly declaring defective the first affidavit of merit of Robert M. Levy, M.D., which was attached to [the Mays'] complaint, filed February 23, 2018, when the court considered, and based said decision on, unsubstantiated allegations contained in affidavits of opposing counsel as facts and evidence outside of the complaint.**

{¶10} In the first assignment of error, the Mays contend that the trial court erred by considering matters outside of the complaint when it granted Donich's March 15, 2018 motion to declare the first affidavit of merit defective. The Mays assert that, by challenging the affidavit of merit, Donich challenged the sufficiency of the complaint. Relying on the Supreme Court of Ohio's decision in *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, the Mays argue that the proper way to contest the sufficiency of an affidavit of merit is through a Civ.R. 12(B)(6) motion. In essence, the Mays assert that a trial court must view any challenge to the sufficiency of an affidavit of merit as a motion to dismiss the complaint for failure to state a claim. Thus, the Mays contend that, in considering the sufficiency of the affidavit, the trial court is confined to a review of averments set forth in the pleading without relying on allegations or evidence outside of the complaint. *See State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992).

{¶11} The Mays' argument is premised upon a flawed interpretation of the holding in *Fletcher*. In *Fletcher*, the Court held "that the proper response to the failure to file the affidavit required by Civ.R. 10(D)(2) is a motion to dismiss filed under Civ.R. 12(B)(6)[,]" and "further h[e]ld that a dismissal of a complaint for failure to file the affidavit required by Civ.R. 10(D)(2) is an adjudication otherwise than on the merits[,]" and, therefore, a dismissal without prejudice. *Fletcher* at ¶ 3. The holding in *Fletcher* made clear that a Civ.R. 12(B)(6) motion to strike is the

proper procedural tool where a party seeks an order dismissing a complaint for failure to file an affidavit of merit. However, *Fletcher* did not hold that *every* challenge to the sufficiency of an affidavit of merit must be brought in the form of a Civ.R. 12(B)(6) motion, even when the movant does not request dismissal of the complaint.

**{¶12}** Notably, there is no authority that would require a party challenging the sufficiency of an affidavit of merit under Civ.R. 10(D)(2) to necessarily move for dismissal of the complaint. Here, Donich did not move for dismissal of the complaint in the March 15, 2018 motion, but instead requested a declaration that the affidavit of merit filed with the complaint was defective. Absent a demand for dismissal of the complaint, Civ.R. 12(B)(6) review would have been inappropriate. Consequently, the constraints of Civ.R.12(B)(6) did not apply to the trial court's determination as to whether the affidavit of merit complied with Civ.R. 10(D)(2) requirements. Rather, Civ. R. 10(D)(2)(e) states the procedure as follows:

> If an affidavit of merit as required by this rule has been filed as to any defendant along with the complaint or amended complaint in which claims are first asserted against that defendant, and the affidavit of merit is determined by the court to be defective pursuant to the provisions of division (D)(2)(a) of this rule, the court shall grant the plaintiff a reasonable time, not to exceed sixty days, to file an affidavit of merit intended to cure the defect.

Thus, the trial court properly adhered to the dictates of Civ.R. 10(D) when it determined that the affidavit of merit was defective and granted the Mays sixty days to file an affidavit curing the defect. Therefore, we overrule the Mays' first assignment of error.

### Assignment of Error II

**The trial court erred by improperly declaring defective the second affidavit of merit of Robert M. Levy, M.D., filed on May 30, 2018, when the court considered allegations, statements of counsel, and evidence outside of the complaint, which [Donich] submitted in support of [Donich's] motion to strike affidavit of merit of Robert M. Levy, M.D., and motion to dismiss [the Mays'] complaint, filed June 20, 2018, and dismissing [the May]'s complaint based upon said improper considerations.**

**Assignment of Error V**

**The trial court erred by using [Evid.R.] 601(D) to disqualify Robert M. Levy, M.D.'s [Civ.R.] 10(D)(2) affidavit of merit; only to thereafter specifically state in the same order that [Evid.R.] 601(D), and the related case law, did not apply to [Civ.R.] 10(D)(2) affidavits of merit.**

{¶13} In the second assignment of error, the Mays argue that the trial court improperly considered allegations, statements, and evidence outside of the complaint when it granted Donich's motion to strike the second affidavit of merit and motion to dismiss the complaint.

{¶14} Pursuant to the trial court's order deeming the first affidavit of merit defective, the Mays filed the second affidavit of merit of Dr. Levy dated May 29, 2018. Thereafter, Donich filed a single brief containing two motions: one motion asking the trial court to strike the affidavit of merit, and a motion asking the court to dismiss the complaint. In the motion to strike, Donich argued that the affidavit of merit failed to satisfy Civ.R. 10(D)(2) because the affiant, Dr. Levy, did not qualify as an expert under Evid.R. 601(D). Donich asserted that, at the time he signed the second affidavit of merit, Dr. Levy was not licensed to practice medicine, nor did Dr. Levy devote at least one-half of his professional time to the active clinical practice of medicine or to instruction in an accredited school. Conditioned upon the court striking the affidavit of merit as defective, Donich moved, pursuant to Civ.R. 12(B)(6), for dismissal of the complaint for failure to file an affidavit merit as required by Civ.R. 10(D)(2).

{¶15} The Mays claim that the trial court erred by considering as evidence Donich's "alleged background investigation into Dr. Levy" and printouts allegedly evidencing that Dr. Levy did not have a license to practice medicine. The Mays contend that Civ.R. 12(B)(6) applies not only to Donich's motion to dismiss the complaint, but also to the motion to strike the second affidavit of merit. This argument fails to differentiate between the motions or to recognize the

separate grounds for the respective motions, and would require this Court to view the motion to strike and motion to dismiss as one in the same. However, this Court cannot simply ignore the procedural distinction between a Civ.R. 12(F) motion to strike and a Civ.R. 12(B)(6) motion to dismiss.

{¶16} A motion to dismiss for failure to state a claim upon which relief can be granted is a "defense" available under Civ.R. 12(B). A Civ.R. 12(B)(6) motion tests the sufficiency of the complaint, and dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted." Before the court may dismiss the complaint, it must appear beyond a doubt that a plaintiff can prove no set of facts entitling the plaintiff to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶17} In contrast, "matters raised by [a motion to strike] are classified as 'objections' rather than as 'defenses.'" 1970 Staff Notes 6,7, Civ.R. 12(E),(F). A party may move the court to strike an insufficient portion of a pleading pursuant to Civ.R. 12(F), which states that "[u]pon motion made by a party before responding to a pleading * * *, the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, or scandalous matter. Civ.R. 12(F). A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is directed to the entire pleading, whereas a Civ.R. 12(F) motion to strike is directed at insufficient claims or pleadings not dispositive of the entire action. *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 14 (1996).

{¶18} Donich's motion to strike objects to the second affidavit of merit for failing to comply with Civ.R. 10(D)(2). Donich argued that the second affidavit of merit must be stricken as an insufficient portion of the pleading because Dr. Levy did not qualify as an expert witness under Evid.R. 601(D), and therefore his affidavit could not satisfy the requirement of Civ.R.

10(D)(2)(a) that "[a]ffidavits of merit shall be provided by an expert witness meeting the requirements of Evid.R. 702 and, if applicable, also meeting the requirements of Evid.R. 601(D)." Donich supported this argument with an affidavit submitted by counsel averring that a background investigation revealed that Dr. Levy was not licensed to practice medicine on May 29, 2018, when the affidavit of merit was signed and notarized, because his license status was "delinquent" and had been inactive since January 31, 2018. Additionally, Donich pointed to Dr. Levy's own deposition testimony to establish that Dr. Levy was, at the time he signed the second affidavit of merit, neither engaged in the active clinical practice of medicine, nor teaching medicine at an accredited institution.

{¶19} It is apparent that Donich's motion to strike does not challenge the Mays' complaint for failing to state a claim, but challenges that the affidavit of merit supporting the complaint is procedurally deficient. The motion to strike is, therefore, distinguishable from the separate motion to dismiss. Thus, the Civ.R. 12(B)(6) standard does not apply to the motion to strike.

{¶20} This Court has previously held that "[a] trial court's decision to grant a motion to strike will not be overturned on appeal absent an abuse of discretion." *Eschen v. Suico*, 9th Dist. Lorain No. 07CA009304, 2008-Ohio-4294, ¶ 9, quoting *Nationwide Life Ins. Co. v. Kallberg,* 9th Dist. Lorain No. 06CA008968, 2007-Ohio-2041, ¶ 20. An abuse of discretion connotes more than an error of judgment, and instead demonstrates an attitude of the court that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶21} The Mays have not raised an argument that the trial court abused its discretion by granting the motion to strike. To the contrary, the record reflects that the Mays conceded the basis for the motion to strike by acknowledging that the second affidavit of merit did not satisfy

Civ.R. 10(D)(2). During a status conference regarding Donich's motions, the Mays requested leave to cure their second affidavit of merit, and the trial court granted them leave to do so. Additionally, while discussing the application of Evid.R. 601(D) on the record during the motion hearing, the following exchange occurred between the trial court and counsel for the Mays:

| THE COURT: | Well, weren't those facts true at the time that he signed that affidavit, though? He was not in practice. He was not licensed. Those are all stated in the affidavit that was signed by [Donich's attorney]. |
|---|---|
| COUNSEL: | Yes, Your Honor. |
| THE COURT: | He was in the process of reactivating. He was in the process of establishing a medical practice and his license status was delinquent. Those were all true at the time that the affidavit was signed. |
| COUNSEL: | Yes, Your Honor. |
| THE COURT: | So your reliance on [Evid.R] 601 - - I appreciate it that you want to talk about his qualifications, however, they still are not met as it relates to the affidavit. |
| COUNSEL: | That's why we filed the deposition, Your Honor. |

{¶22} The trial court then questioned the existence of any authority to permit a deposition as a substitute for an affidavit of merit. The Mays did not present any legal authority to the court, but continued to argue that Dr. Levy's deposition was a sufficient substitute for an affidavit of merit. Nonetheless, it is clear that the Mays conceded that the second affidavit of merit was deficient and sought to cure the defect by presenting Dr. Levy's prior deposition. Consequently, we conclude that the Mays have failed to demonstrate that the trial court erred by granting the motion to strike based on improper evidence.

{¶23} In the fifth assignment of error, the Mays contend the trial court contradicted its application of Evid.R. 601(D) to the affidavit of merit when the court subsequently referenced

and distinguished its application of Evid.R. 601(D)—in the prior action—to the admission of expert testimony at trial. Regardless of the trial court's reference, in dicta, to the application of Evid.R. 601(D) in another context, the Mays have not advanced an argument to show that the trial court erred in its application of Evid.R. 601(D) or abused its discretion in the present action when it determined that the second affidavit of merit did not meet the requirements of Civ.R. 10(D)(2).

{¶24} The second and fifth assignments of error are overruled.

### Assignment of Error III

**The trial court erred by failing to convert [Donich's] motion to strike affidavit of merit of Robert M. Levy, M.D., and motion to dismiss [the Mays]' complaint into a motion for summary judgment, failing to notify the parties of its intention to do so, and failing to give the [Mays] a reasonable opportunity to present all material made pertinent to such a motion by [Civ.R.] 56.**

{¶25} The Mays argue that the trial court erred by failing to convert into a motion for summary judgment Donich's contemporaneously filed motions asking the trial court to strike the second affidavit of merit and then dismiss the complaint for failure to state a claim. The Mays contend that it was error for the trial court to consider matters outside of the complaint when ruling on a Civ.R. 12(B)(6) motion, and that the trial court was required to convert the motion to dismiss into a motion for summary judgment in order to properly consider matters outside of the complaint.

{¶26} As we explained in the preceding analysis, Civ.R. 12(B)(6) applies to the motion to dismiss, but it does not apply to the separate motion to strike. This Court reviews an order granting a Civ.R. 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. City of Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.

{¶27} A Civ.R. 12(B)(6) motion tests the sufficiency of the complaint, and dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted." In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling the plaintiff to recovery. *O'Brien*, 42 Ohio St.2d 242, at syllabus. In determining a motion pursuant to Civ.R. 12(B)(6), the court cannot rely on evidence or allegations outside of the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997).

{¶28} It is uncontested that Civ.R. 12(B) requires that "[w]hen a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56." Although the Mays contend that the trial court should have converted Donich's motion to dismiss to a motion for summary judgment, the Mays have not shown that the motion to dismiss presented matters outside the pleadings or that the trial court considered matters or evidence beyond the pleadings. Rather, the Mays' argument conflates Donich's distinct, though contemporaneously filed, motion to strike the affidavit of merit with the motion to dismiss.

{¶29} Donich's motion to dismiss was contingent upon the trial court's ruling on the motion to strike the second affidavit of merit. The motion called for the trial court to dismiss the complaint in the absence of an affidavit of merit as required by Civ.R. 10(D)(2). Had the trial court overruled the motion to strike and allowed the second affidavit of merit to stand, or permitted the deposition to stand in lieu of an affidavit of merit, the ruling would have eliminated

the basis for granting the motion to dismiss. However, the trial court's entry granting judgment reflects that, after striking the second affidavit and denying the Mays' request to submit a deposition in lieu of an affidavit of merit, the trial court granted the motion to dismiss. In doing so, the trial court was not required to look beyond the complaint to determine that the Mays failed to file the affidavit of merit as required by Civ.R. 10(D)(2) and dismiss pursuant to Civ.R. 12(B)(6). *See Fletcher*, 120 Ohio St.3d 167, 2008-Ohio-5379, at ¶ 3.

{¶30} Because the trial court did not rely on allegations or evidence outside of the complaint in ruling on the motion to dismiss, there was no need to convert the motion to dismiss to a motion for summary judgment. Moreover, a motion to dismiss is distinguishable in the context of Civ.R. 10(D)(2) because, Civ.R. 12(B)(6) permits a dismissal of the complaint without prejudice, whereas a Civ.R. 56(C) motion for summary judgment calls upon the court to enter judgment as a matter of law. Civ.R. 10(D)(2)(d) states that "[a]n affidavit of merit is required to establish the adequacy of the complaint and shall not otherwise be admissible as evidence or used for purposes of impeachment. *Any dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits*." (Emphasis added.). For that reason, a pleading that is deficient under Civ.R. 10(D)(2) warrants dismissal of the complaint without prejudice pursuant to Civ.R. 12(B)(6), but it is not a proper basis for entering judgment on the complaint. *See Fletcher* at paragraphs one and two of the syllabus; s*ee also Howard v. HCR ManorCare, Inc.*, 2d Dist. Clark Nos. 2016-CA-75, 2017-CA-16, 2018-Ohio-1053, ¶ 28-30, quoting *Chalmers v. HCR ManorCare, Inc.*, 6th Dist. Lucas No. L-16-1143, 2017-Ohio-5678, ¶ 64-67 (Mayle, J., concurring in part and dissenting in part). Accordingly, we conclude that the Mays' argument that the trial court erred by failing to convert the motion is without merit

{¶31} The third assignment of error is overruled.

**Assignment of Error IV**

**The trial court erred by granting [Donich's] motion to strike affidavit of merit of Robert M. Levy, M.D., and motion to dismiss [the Mays'] complaint as [the Mays] satisfied [Civ.R.] 10(D)(2) through the affidavits and deposition testimony of Robert M. Levy, M.D.**

{¶32} In the fourth assignment of error, the Mays argue that the trial court erred by granting the motion to dismiss the complaint in light of the Mays' purported filing of Dr. Levy's deposition in lieu of an affidavit of merit. After Donich moved to strike the second affidavit of merit, the trial court granted the Mays' request for leave to cure the affidavit of merit. The Mays responded by submitting the Dr. Levy's deposition from March 2017 in lieu of an affidavit of merit, and Donich opposed the use of the deposition as an adequate substitute under Civ.R. 10(D)(2). The Mays contend that the deposition "met all of the criteria set forth as necessary in an affidavit * * * of merit according to Civ.R. 10(D)."

{¶33} Arguing that Dr. Levy's deposition is as a "written declaration under oath" is exactly the same as a deposition, the Mays asked the trial court to accept the deposition from March of 2017 to serve as an affidavit of merit. In the order denying the request, the trial court stated that the Mays "have not provided precedent for this [c]ourt to rely on and have conceded that they could not find an instance under Ohio law in which a court allowed a deposition to serve as an [a]ffidavit of [m]erit." The trial court reasoned that Civ.R. 10(D)(2) outlines the form and procedure for filing an affidavit of merit and makes it clear that an affidavit is necessary. Indicating that the Mays had been "granted considerable leeway" to file an adequate affidavit of merit, the trial court found that the request to file a deposition transcript as a substitute for the affidavit was without precedent, without a sound foundation, and denied the request.

{¶34} In their brief on appeal, the Mays do not point to any particular portions of the deposition to establish their claim that it meets the requirements of Civ.R. 10(D)(2)(a). Instead, they argue, categorically, that a deposition is exactly the same as an affidavit and therefore qualifies as an affidavit of merit. Without presenting any authority to support this contention, they argue that the trial court erred by applying the plain language of Civ.R. 10(D)(2) and denying the request to expand the statute to allow a deposition transcript to serve as an affidavit of merit.

{¶35} Civ.R. 10(D)(2)(a) states that

[a] complaint that contains a medical claim * * * as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness meeting the requirements of Evid.R. 702 and, if applicable, also meeting the requirements of Evid.R. 601(D). Affidavits of merit shall include all of the following:

(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;

(ii) A statement that the affiant is familiar with the applicable standard of care;

(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

"If a rule of civil procedure is unambiguous, a court applies it as written." *Gill v. Grafton Corr. Inst.*, 10th Dist. Franklin No. 10AP-1094, 2011-Ohio-4251, ¶ 15, citing *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, ¶ 22. A court "may not ignore the plain language of a rule in order to assist a party who has failed to comply with a rule's specific requirements." *LaNeve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, ¶ 23.

{¶36} Here, the plain language of Civ.R. 10(D)(2)(a) requires that an affidavit meeting specific criteria accompany a complaint containing a medical claim. The rule does not permit the filing of a deposition transcript in lieu of an affidavit, and the Mays have not presented any

basis to permit this Court to expand the unambiguous definition to include Dr. Levy's deposition. Therefore, the Mays' fourth assignment of error is overruled.

III.

{¶37} The Mays' five assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶38} I respectfully dissent from the judgment of the majority as I would conclude, based upon the arguments made by Donich, that the trial court erred in concluding that the first affidavit of merit was defective. Thus, I would sustain the Mays' first assignment of error.

{¶39} "[T]he affidavit [of merit] is necessary in order to establish the adequacy of the complaint." (internal quotations omitted.) *Fletcher v. Univ. Hosps. Of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, ¶ 10. Nonetheless, it "shall not otherwise be admissible as evidence or used for purposes of impeachment." Civ.R. 10(D)(2)(d); *see also White v. Summa Health Sys.*, 9th Dist. Summit No. 24283, 2008-Ohio-6790, ¶ 22-23.

Pursuant to Civ.R. 10(D)(2)(a),

Affidavits of merit shall be provided by an expert witness meeting the requirements of Evid.R. 702 and, if applicable, also meeting the requirements of Evid.R. 601(D). Affidavits of merit shall include all of the following:

(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;

(ii) A statement that the affiant is familiar with the applicable standard of care;

(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

{¶40} The affidavit of merit initially submitted by Dr. Levy on behalf of Randy May provided as follows:

1. I submit this Affidavit of Merit in accordance with Civ.R. 10(D)(2)(a).

2. I am licensed to practice medicine by the Florida Board of Medicine.

3. I devote at least one-half (1/2) of my professional time to the active clinical practice in my field of licensure, or to its instruction in an accredited school.

4. I have reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the Complaint.

5. I am familiar with the applicable standard of care in this case.

6. In my opinion, the standard of care was breached by the defendants Summa Barberton Citizens Hospital, its[] agents and or employees, and/or Dane J. Donich, M.D., and/or Donich Neurosurgery and Spine, L.L.C., and/or Paul Hartzfeld, M.D., and/or Jessica Herraiz, CNP, and such breaches caused the injury and damages to Plaintiff Randy May.

**{¶41}** In the motion to declare the affidavit defective, Donich did not argue that, if the statements in the affidavit were taken as true, the affidavit would be insufficient. Thus, for example, Donich did not assert that Dr. Levy's qualifications, as stated, would be insufficient to satisfy the rule. Instead, Donich challenged the veracity of the statements in the affidavit. Specifically, Donich asserted that Dr. Levy was not devoting at least one half of his professional time to active clinical practice or instruction and Dr. Levy did not review all medical records reasonably available. Thus, Donich maintained that the affidavit did not satisfy the requirements of Evid.R. 601(D).

**{¶42}** Given that an affidavit of merit is necessary to establish the adequacy of the complaint, *see Fletcher,* 120 Ohio St.3d 167, 2008-Ohio-5379, at ¶ 10, and that the affidavit itself has little, if any, evidentiary value, *see* Civ.R. 10(D)(2)(d); *White*, 2008-Ohio-6790, at ¶ 22-23, I would conclude that it is not appropriate to delve into the truthfulness of the allegations of the affidavit at the stage of the filing of the complaint. Should the Mays seek to use Dr. Levy as their expert witness for purposes of summary judgment or trial, at that point, Donich could challenge his qualifications.

**{¶43}** Accordingly, I would sustain the Mays' first assignment of error as I would determine that the trial court erred in concluding the first affidavit of merit was defective based upon Donich's arguments. Thus, I respectfully dissent from the judgment of the majority.

APPEARANCES:

RICHARD L. DEMSEY and JUSTIN D. GOULD, Attorneys at Law, for Appellants.

R. MARK JONES and TAMMIE J. LEES, Attorneys at Law, for Appellees.